UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RICHARD WOLFE, DO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 3:15-CV-424-TLS-MGG |
| ) | |
| ADVOCATING HEALTH, LLC, *et al.* ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This breach of contract case was originally filed in this Court on September 25, 2015, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Now before the Court is Plaintiff's 1st Amended Complaint, filed on February 26, 2016, alleging that Plaintiff "resided in and continues to reside in the State of Michigan." Doc. No. 16 at 1, ¶ 1. The amended complaint also alleges that both Defendants, Advocating Health, LLC and Access2MD, LLC, are limited liability corporations "organized under the Laws of the State of Indiana [with a] principal place of business in the State of Indiana." *Id.* at 1–2, ¶ 2–3.

As the party seeking to invoke federal diversity jurisdiction, Plaintiff bears the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop'n Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Anything less can result in a dismissal or remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004). Plaintiff cannot, as he attempts to do here, merely allege a "naked declaration that there is diversity of citizenship." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). As such, Plaintiff's jurisdictional statement is deficient as to all three parties.

First, Plaintiff's statement as to his past and current residence in Michigan is deficient. An individual party's residency is meaningless for purposes of diversity jurisdiction under 28 U.S.C. § 1332.  *See Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996). Instead, an individual's citizenship is determined by his domicile.  *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002).  Residence may be evidence of domicile, but does not establish citizenship.  *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012).  Domicile is "the state in which a person intends to live over the long run."  *Id.*  Accordingly, Plaintiff's allegation lacks any indication of his future residential intentions and therefore cannot constitute domicile or ultimately, citizenship.

Second, Plaintiff's recitation of the state of incorporation and principal place of business for both LLC Defendants does not establish citizenship as required under Section 1332.  A limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).  Thus, a court must be advised of the identity of each member of an LLC party, together with each member's citizenship.  *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006); *see generally Guar. Nat'l Title Co.*, 101 F.3d at 59.

Therefore, Plaintiff is **ORDERED** to supplement the record on or before **September 21, 2016**, with a filing that properly briefs the Court on Plaintiff's citizenship, including his domicile, and the identity and citizenship of each member of Defendant Advocating Health, LLC and Access2MD, LLC.

**SO ORDERED.**

Dated this 7th day of September, 2016.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge